# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ALTON CRAIN, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. SA-16-CV-832-XR |
| | § | |
| JUDSON INDEPENDENT SCHOOL DISTRICT, | § | |
| | § | |
| *Defendant.* | § | |

## ORDER

On this date, the Court considered Plaintiff's Partially Unopposed Motion for Leave to File Third Amended Complaint (docket no. 82) and the response and reply thereto.

In August 2016, Plaintiff Alton Crain filed this lawsuit *pro se*, asserting claims under Title VII and the Equal Pay Act for race and sex discrimination against his employer, Judson ISD. Because the Title VII claims were not yet fully exhausted, Plaintiff could not proceed on these claims initially, and the Title VII claims were dismissed without prejudice. The claims were exhausted in May 2017, and Plaintiff filed an amended complaint asserting both the Equal Pay Act and Title VII claims in June 2017.

After a discovery dispute that was referred to the Magistrate Judge in September 2017, the Court extended the discovery deadline to December 31, 2017. After another discovery dispute, the Court held a hearing, after which it appointed counsel for Plaintiff. The order required Defendant to provide certain documents and permit a 30(b)(6) deposition and advised that Plaintiff could move to re-open discovery. The order further permitted Plaintiff to "file an

1

Amended Complaint, with the amendment limited to existing claims and the addition of a request for attorney's fees." Appointed counsel filed an appearance on December 11.

On February 23, Plaintiff filed a partially unopposed motion to file an amended complaint. The motion is unopposed insofar as the proposed amended complaint clarifies the existing Title VII and Equal Pay Act claims, but is opposed to the extent it seeks to add a new claim under § 1983. The Equal Pay Act claim alleges that Judson has discriminated against Crain by paying him less than female teaching staff, and includes a retaliation claim. The Title VII claim asserts discrimination on the basis of race and sex, and includes a retaliation claim. The proposed § 1983 claim alleges that Judson ISD has violated Crain's "constitutional rights," specifically by instituting a pretextual policy change forcing a conflict in scheduling in August 2014 and by requiring him to accept a lower hourly rate than that paid to female teaching staff for work after September 2014.

Defendant opposes amendment to allow the new § 1983 claim, arguing that it is outside the scope of the leave permitted and good cause does not support the amendment. Defendant contends that the new claim would cause prejudice "as it would require essentially restarting the case," including reopening discovery. Plaintiff recognizes that the Court permitted amendment only with regard to existing claims and the addition of a claim for attorney's fees, but asserts that "the § 1983 claim is based on the same operative facts and transactions as Plaintiff's Title VII and Equal Pay Act claims and would relate back for limitations purposes to the filing of Plaintiff's original complaint." Plaintiff thus asserts that the claim requires no new discovery, and merely required knowledge of the law that a *pro se* plaintiff would not have.

## Standard

Generally, Rule 15(a) of the Federal Rules of Civil Procedure governs amendment of pleadings before trial. Rule 15(a) permits a party to amend a pleading with the opposing party's consent or the Court's leave, and provides that leave should be given "freely . . . when justice so requires." FED. R. CIV. P. 15(a). The decision to grant or deny a motion to amend is within the sound discretion of the trial court. *Avatar Exploration, Inc. v. Chevron, U.S.A., Inc.*, 933 F.2d 314, 320 (5th Cir. 1991). In exercising its discretion, the court considers such factors as undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowing the amendment, and futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Motions to amend filed after the court-ordered deadline to amend pleadings are also subject to the stricter "good cause" standard of Rule 16. *Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003). Rule 16(b) requires that a party show good cause for not meeting the deadline before the more liberal standard of Rule 15(a) will apply. Four factors are relevant to good cause: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Id.*

## Analysis

Because even the more lenient standard of Rule 15 precludes amendment where it would be futile, the Court first addresses this threshold inquiry to determine whether addition of a § 1983 claim is permissible in these circumstances, where the underlying conduct for both claims is the same.

Section 1983 provides that any person who, under color of state law, deprives another of "any rights, privileges or immunities secured by the Constitution and laws shall be liable to the party injured." 42 U.S.C. § 1983. In *Johnston v. Harris County Flood Control District*, 869 F.2d 1565 (5th Cir. 1989), the Fifth Circuit addressed the relationship between Title VII and § 1983. It held that Title VII is the exclusive remedy for a violation of its own terms, and thus a violation of Title VII alone is not an underlying statutory violation for purposes of imposing liability under § 1983. *Id.* at 1573. "But when a public employer's conduct violates both Title VII and a separate constitutional or statutory right, the injured employee may pursue a remedy under § 1983 as well as under Title VII." *Id.*

The *Johnston* Court examined Supreme Court precedent indicating that the remedies available under Title VII and § 1981 are co-extensive and not mutually exclusive, and found that "the legislative history of Title VII manifests a congressional intent to allow an individual to pursue independently his rights under both Title VII and other applicable state and federal statutes," including §§ 1983 and 1981. *Id.* at 1574-75. The Court also pointed to its prior precedent in which it "effectively recognized that Title VII does not preclude an action under § 1983 arising from the same facts." *Id.* at 1575. In sum, the Court concluded,

> Although Title VII supplements and overlaps § 1983, it remains an exclusive remedy when a state or local employer violates only Title VII. When, however, unlawful employment practices encroach, not only on rights created by Title VII, but also on rights that are independent of Title VII, Title VII ceases to be exclusive. At this point, § 1983 and Title VII overlap, providing supplemental remedies.

*Id.* at 1576. Thus, because the Plaintiff sought to vindicate rights independent of the rights Title VII created, specifically his Title VII right to be free from retaliation for testifying at an EEO hearing and his First Amendment right to testify freely before the Commissioner's Court

4

because that testimony was protected speech, he could pursue remedies under both statutes. *Id.* at 1575-76.

Seven years later, however, another Fifth Circuit panel considered *Jackson v. City of Atlanta, Tex.*, 73 F.3d 60 (5th Cir. 1996). In *Jackson*, an African-American male sued the City and individual defendants for racial discrimination under both Title VII and § 1983, and it was undisputed that "these two federal claims arise out of identical fact situations and identical allegations of racial discrimination." *Id.* at 61. In a discussion called "when § 1983 and Title VII meet," the Court agreed with the defendants that "allegations of discriminatory treatment in connection with public employment that form the basis of a Title VII claim cannot form the basis of a second, separate claim under § 1983 as well." *Id.* at 63. It reasoned that Congress intended for Title VII, with its own substantive requirements, procedural rules, and remedies, to be the exclusive means by which an employee may pursue a discrimination claim and that allowing a plaintiff to state a discrimination claim under § 1983 as well would enable him to sidestep the detailed and specific provisions of Title VII. Consequently, it held that § 1983 was "not available to [the plaintiff] for either alternative or additional relief" when the allegations of racial discrimination were "sufficient to establish a clear violation of Title VII." *Id.* As a result, it held that the § 1983 claim should have been dismissed.

The Court reconciled these two decisions in *Southard v. Texas Board of Criminal Justice*, 114 F.3d 539 (5th Cir. 1997). In *Southard*, female employees sued for sexual harassment and hostile work environment under Title VII and § 1983 and § 1985 (conspiracy). In a discussion called "the intersection of 42 U.S.C. § 1983 and Title VII," the Court addressed the argument that the claims under 42 U.S.C. §§ 1983 and 1983(5) were precluded

"because Title VII provides the exclusive remedy in this federal employment discrimination suit." *Id.* at 548. The defendant argued that the trial judge erred as a matter of law in allowing plaintiffs to assert both Title VII and § 1983 claims based on the same underlying facts, citing *Jackson v. City of Atlanta*. The *Southard* Court reasoned:

> In *Jackson*, the court emphasized that plaintiffs alleged the same conduct to support a claim under both statutes. However, in *Johnston v. Harris County Flood Control Dist.*, the plaintiff's claims under both Title VII and section 1983 were also based on identical facts and identical allegations. In *Johnston*, this court found that because the allegedly discriminatory conduct violated rights under Title VII and rights independent of Title VII, the same facts created claims under both remedies. *Jackson* is inconsistent with *Johnston*, and *Johnston*, as the earlier opinion, controls our decision in this case.
> The *Johnston* result is consistent with that reached by other circuits considering the question. These courts have found that a public sector employee may assert claims of racially discriminatory employment practices under both Title VII and section 1983, because the Constitution provides a right independent of Title VII to be free from race discrimination by a public employer.
> In this case, plaintiffs alleged sexual harassment and sex discrimination by their public employer. Sex discrimination and sexual harassment in public employment violate the Equal Protection Clause of the Fourteenth Amendment. The circuits addressing the issue have allowed plaintiffs suing their public employers for sexual harassment and sex discrimination to assert claims under both Title VII and section 1983.
> Plaintiffs' allegations of sex discrimination and sexual misconduct assert claims under sections 1983 and 1985(3) that are not preempted by Title VII.

*Id.* at 549-50 (citations omitted).

In 2001, the Fifth Circuit included in dicta the following footnote:

> [T]he district court stated that even if Evans had alleged a racial discrimination claim under § 1983, her claim would still fail. Citing *Jackson v. City of Atlanta*, 73 F.3d 60, 63 (5th Cir.1996), the court concluded that Title VII was the exclusive remedy for Evans's claims of employment discrimination, and thus, she could not pursue her claims under § 1983. This conclusion is incorrect. In *Southard v. Texas Board of Criminal Justice*, 114 F.3d 539 (5th Cir.1997), a panel of this court pointed out that *Jackson* was inconsistent with an earlier panel opinion, *Johnston v. Harris County Flood*

6

> *Control District*, 869 F.2d 1565 (5th Cir.1989), in that the *Jackson* panel found that because the plaintiff in *Jackson* had predicated his Title VII and § 1981 claims on the same discriminatory acts, the plaintiff was precluded from suing under both statutes. *See Southard*, 114 F.3d at 549. Instead, the *Southard* panel clarified that even if a plaintiff alleges the same conduct for both Title VII and § 1981 claims, he or she may seek redress under both statutes, as long as the "conduct violates both Title VII and a separate constitutional or statutory right." *Id.*

*Evans v. City of Houston*, 246 F.3d 344, 356 n.9 (5th Cir. 2001).

Although *Southard* and *Evans* would appear to have settled the matter, as exemplified in *Jones v. City of Port Arthur*, No. 1:12-CV-287, 2013 WL 149706 (E.D. Tex. Jan. 11, 2013), the intersection of § 1983 and Title VII and the *Jackson* and *Johnston* decisions continue to generate controversy. The Magistrate Judge in *Jones* had concluded that although the plaintiff could not pursue claims under Title VII because he had not timely exhausted his administrative remedies, he could pursue a claim under § 1983, which does not require exhaustion. The defendants objected and relied on *Jackson*, noting that a district court had followed *Jackson* as recently as 2012, and arguing that *Southard* and *Evans* "misinterpreted and misunderstood *Jackson*." *Id.* at *3. The defendants pointed out that in *Johnston*, the Fifth Circuit allowed a claim to proceed under § 1983 for First Amendment violations (violation of the First Amendment right to testify before a commissioner's court) that could not have been brought under Title VII, while *Jackson* dismissed the § 1983 discrimination claim that was essentially identical to the Title VII claim. The defendants asserted that the court in *Southard* "misinterpreted an alleged inconsistency between the results in the *Johnston* and *Jackson* opinions in reaching their alleged differing conclusions, when it stated that *Johnston* and *Jackson* were based on identical facts and identical allegations." E.D. Tex. No. 1:12-CV-00287-RC-ZJH Docket no. 36 at 5 n.2. Defendants argued that "[w]hile the factual basis may

have been similar, or even identical, as established above the *Jackson* case involved identical discrimination in employment rights under Title VII and the l4th Amendment, whereas *Johnston* involved rights that were not identical, and were legally independent of one another." *Id.* The defendants argued that the language in *Evans* was dicta and was based on the same misunderstanding. *Id.* The district court did not share the defendants' criticism and declined to follow district court cases that continued to cite *Jackson*, instead holding that "Title VII does not provide the exclusive remedy for discrimination claims against a government employer" and holding that the plaintiff could proceed with his § 1983 claims. *Id.*

It appears settled that a public employee cannot sue his employer under § 1983 for violating Title VII. And although there remains some uncertainty, most cases hold that a public employee can bring parallel causes of action against the government employer under Title VII (for Title VII violations) and under § 1983 for separate constitutional violations, even if both claims are premised on the same facts and conduct, though these cases generally involve Title VII claims against public employers and § 1983 claims against non-employer individuals. *Robertson v. Bd. of Sup'rs of La. State Univ.*, 273 F.3d 1108 (5th Cir. 2011) (unpublished) (holding that Title VII does not provide the exclusive remedy for race discrimination in employment even when the § 1983 claims are based on the same facts); *Davis v. Dallas Indep. Sch. Dist.*, 448 F. App'x 485, 490 (5th Cir. 2011) (in addition to Title VII, a "plaintiff may also assert claims of racial discrimination and retaliation against a government entity under 42 U.S.C. § 1981 and § 1983"); *Lauderdale v. Tex. Dep't of Crim. Justice*, 512 F.3d 157, 165 (5th Cir. 2007) ("Section 1983 and Title VII are 'parallel causes of action.'"); *Hunter v. Jefferson Parish Public Sch. Sys.*, No. 17-2015, 2017 WL 4619741 (E.D.

La. Oct. 13, 2017) ("Section 1983 claims and Title VII claims may be asserted concurrently . . . ."); *Gallentine v. Houstin Auth. of City of Port Arthur, Tex.*, 919 F. Supp. 2d 787, 810 (E.D. Tex. 2013) (plaintiff may assert claims under Title VII and § 1983 even if based on the same conduct so long as the conduct violates both Title VII and a separate constitutional or statutory right); *Davis v. Dallas Area Rapid Transit*, No. 3:01-CV-2595-M, 2002 WL 172646, at *3-4 (N.D. Tex. Feb. 1, 2002) ("The *Southard* court clarified that even if a plaintiff alleges the same conduct for both Title VII and § 1983 claims, she may seek redress under both statutes, as long as the 'conduct violates both Title VII and a separate constitutional or statutory right.'"). Accordingly, the Court will presume that amendment to include the § 1983 claim would not be futile.

The Court thus turns to the good-cause factors: (1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice. Plaintiff contends that the failure to move for leave to amend to add the § 1983 claim is due to the fact that Plaintiff was proceeding *pro se* and would not have known of the availability of a § 1983 cause of action. The Court finds that failure to move to amend previously was not intentional.

With regard to the importance of the amendment, the Court finds that the amendment is not important on these facts because the § 1983 claim provides no additional relief not available to Plaintiff under Title VII. Plaintiffs commonly use § 1983 to assert claims against individuals who do not qualify as employers under Title VII, and thus the § 1983 claim provides supplemental relief to the Title VII claim. *See, e.g.*, *Rafique v. City of Fort Worth*,

No. 4:06-CV-645-Y, 2007 WL 4754768 (N.D. Tex. Nov. 13, 2007); *Sylvie v. City of Dallas*, No. 3:01-CV-1549, 2002 WL 1155857 (N.D. Tex. May 29, 2002). Here, however, Plaintiff asserts claims only against Judson ISD, and thus the § 1983 claim provides no additional relief not already available under the Title VII Claim.

With regard to the potential prejudice in allowing amendment, the Court finds that the amendment would cause prejudice to Defendant. When a plaintiff contends that he has been discriminated against in his employment in violation of the equal protection clause of the Fourteenth Amendment, the evidentiary framework for Title VII cases is used to determine whether the defendant intentionally discriminated against the plaintiff. Thus, the "inquiry into intentional discrimination is essentially the same for individual actions brought under § 1983 and Title VII." *Lauderdale*, 512 F.3d at 165; *Lawrence v. Univ. of Tex. Medical Branch*, 163 F.3d 309, 311 (5th Cir. 1999) ("Employment discrimination claims brought under 42 U.S.C. §§ 1981, 1983, and 2000d are analyzed under the evidentiary framework applicable to claims arising under Title VII of the Civil Rights Act of 1964, as amended at 42 U.S.C. § 2000e et seq."); *see also St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 506 n.1 (1993).[1] Thus, additional discovery would not be required on this aspect of the claim.

However, because liability under § 1983 can be found against a governmental entity only if based on official custom or policy or the actions of an official policymaker, the § 1983 claim would add an additional layer of complexity to this case and require additional discovery. As such, the Court finds that it would prejudice Defendant. Although a continuance could provide the time to conduct this additional discovery, the Court finds that it would not

---

[1] However, there is language in some cases indicating that there may be some aspects, such as what constitutes an adverse employment action, that may differ. *See McCullough v. Houston Cty., Tex.*, 287 F. App'x 282, 287 (5th Cir. 2008) (noting that "adverse employment action" is defined more broadly under § 1983 than it is under Title VII). If so, this could be confusing to a jury if this case proceeds to trial.

cure all prejudice, especially given the length of time that this case has already been pending. A continuance would result in additional delays and costs, while providing no additional benefit to Plaintiff in terms of relief. The potential prejudice, coupled with the lack of importance of the amendment, weigh heavily against amendment.

## CONCLUSION

Based on a consideration of the good-cause factors and in exercising its discretion, the Court finds that amendment to include a new § 1983 claim is not warranted. The motion for leave to amend (docket no. 82) is GRANTED IN PART and DENIED IN PART. The motion is DENIED as to the addition of a § 1983 claim but GRANTED in all other respects.

## AMENDED SCHEDULING ORDER

The Court further finds that the trial in the case should be re-set in light of Defendant's advisory. Accordingly, the deadline to file a Final Joint Pretrial Order and any motion in limine is **October 24, 2018.**

The Final Pretrial Conference shall be held on **Thursday, November 1, 2018** at 9:30 a.m.

The Jury Trial Date is **November 26, 2018** at 9:30 a.m.

It is so ORDERED.

SIGNED this 3rd day of April, 2018.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE