**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **ALTON CRAIN,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **Civil Action No: SA-16-CA-832-XR** |
| | § | |
| **JUDSON INDEPENDENT SCHOOL** | § | |
| **DISTRICT,** | § | |
| | § | |
| **Defendant.** | § | |

**PLAINTIFF'S THIRD AMENDED COMPLAINT**

TO THE HONORABLE XAVIER RODRIGUEZ, UNITED STATES DISTRICT JUDGE:

NOW COMES Plaintiff, ALTON CRAIN, and pursuant to the Court's Order (Dkt. 90) granting Plaintiff leave to amend its Complaint, denying leave to add a § 1983 claim, but granting leave in all other respects, files this Third Amended Complaint complaining of Defendant JUDSON INDEPENDENT SCHOOL DISTRICT and, in support thereof, would show unto the Court as follows:

**I.  VENUE & JURISDICTION**

1.     This action is brought pursuant to Title VII of the Civil Rights Act of 1964 (42 U.S.C. §§ 2000e et seq.) for employment discrimination on the basis of race and sex. This action is also brought pursuant to the Equal Pay Act (29 U.S.C. §§ 206(d), 215(a)(3)).

2.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question). Venue is proper in the United States District Court for the Western District of Texas, San Antonio Division, pursuant to 28 U.S.C. § 1391. Plaintiff's claims arose in whole or in part in Universal City, Texas, Live Oak, Texas and Converse, Texas. The events and circumstances of Plaintiff's employment occurred in Universal City, Live Oak, and Converse, Texas.

## II. PARTIES

3.     Defendant, JUDSON INDEPENDENT SCHOOL DISTRICT, is a public school district, with its principal business operations located at 8012 Shin Oak Drive, Live Oak, Texas 78233. Defendant has made an appearance in this lawsuit and may be served with this Third Amended Complaint by and through its counsel of record: Donald Craig Wood and Katie E. Payne, WALSH, GALLEGOS, TREVINO RUSSO & KYLE, P.C., 1020 N.E. Loop 410, Suite 450, San Antonio, Texas 78209. At all relevant times of claims of discrimination and retaliation, JUDSON INDEPENDENT SCHOOL DISTRICT employed over 500 employees.

4.     Plaintiff ALTON CRAIN is an African American male educator, who has been employed by the Defendant JUDSON INDEPENDENT SCHOOL DISTRICT since 2003. In that time, Plaintiff has worked at the campuses of the Judson Secondary Alternative School, Judson CARE Academy, and Olympia Elementary School.

## III.   PLAINTIFF EXHAUSTED ADMINISTRATIVE REMEDIES

5.     Plaintiff filed charges against Defendant JUDSON INDEPENDENT SCHOOL DISTRICT with the Equal Employment Opportunity Commission ("EEOC") charging defendant with the acts of discrimination described herein on or about January 27, 2015 (original) and November 17, 2015 (amended). See **Exhibit A** attached hereto.

6.     The EEOC issued a Notice of Right to Sue, which was dated September 20, 2016, with respect to Plaintiff's Equal Pay Act allegations. See **Exhibit B** attached hereto. In addition, the Department of Justice issued a Notice of Right to Sue, which was dated May 12, 2017, regarding Plaintiff's Title VII claims. See **Exhibit C** attached hereto. As reflected in the Court's Order [Dkt. 38], Plaintiff provided the Department of Justice Notice of Right to Sue to Defendant, and Plaintiff was granted leave to file an amended complaint that includes his previously dismissed Title VII claims.

## IV. NO IMMUNITY FROM CLAIMS

7.     A public school district is a state actor. The state is not immune from claims asserted under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., or the Equal Pay Act of 1963, as amended, 29 U.S.C. § 206(d). Ussery v. State of La. on Behalf of La. Dep't of Health & Hosps., 150 F.3d 431, 434-37 (5th Cir. 1998).

## V. FACTUAL BACKGROUND

**A.     Plaintiff Is a Highly Qualified Educator with a History of Dedicated Service to JISD**

8.     Plaintiff ALTON CRAIN is an African American male educator, who has been employed by the Defendant JUDSON INDEPENDENT SCHOOL DISTRICT since 2003. Plaintiff CRAIN's primary position is as High School Teacher for the Judson Achievement Center, which is housed at the Judson Secondary Alternative School/Judson CARE Academy. Plaintiff CRAIN is a highly qualified educator, with certifications in State K-12, 4-8 Generalist, and Special Education. At the Judson Achievement Center, Plaintiff CRAIN works with students who are unable to function in a traditional classroom setting, and often suffer from significant emotional and behavioral issues. Plaintiff CRAIN is a dedicated educator who takes pride in his students, his work, and the level of professionalism with which he executes his daily responsibilities.

9.     In addition, Plaintiff CRAIN previously has been employed by Defendant JUDSON INDEPENDENT SCHOOL DISTRICT in the District's after-care program (known as the Adult & Community Education/Adventure Club), the summer educational program (known as the Extended School Year Program), and the Evening High School Program. Because of his dedication to his students and his role as the primary financial provider for his family, Plaintiff CRAIN seeks opportunities to provide his professional educator services to Defendant JUDSON INDEPENDENT SCHOOL DISTRICT, and takes seriously those attempts to diminish and/or prevent such opportunities.

10.     At all times when it is alleged that Defendant JUDSON INDEPENDENT SCHOOL DISTRICT took any act and/or omission in discriminating and retaliating against Plaintiff CRAIN, such acts and omissions are alleged to have been committed by and through the employees and agents of Defendant JUDSON INDEPENDENT SCHOOL DISTRICT, including its human resources and administrative personnel.

**B.      Plaintiff Resolves Grievance Regarding Adult & Community Education /Adventure Club Pay Reduction**

11.     Defendant JUDSON INDEPENDENT SCHOOL DISTRICT administers a formal grievance process, through which educators may file complaints related to their employment. On or about September 10, 2013, Plaintiff CRAIN filed a grievance with Defendant JUDSON INDEPENDENT SCHOOL DISTRICT complaining of a pay rate change motivated by discriminatory animus (race and gender). That grievance was resolved in or about August, 2014 with the execution of a Grievance Resolution Agreement by Plaintiff CRAIN (on August 5, 2014) and Dr. Willis Mackey, then-Superintendent of Defendant JUDSON INDEPENDENT SCHOOL DISTRICT, on behalf of Defendant (on August 11, 2014). The Grievance Resolution Agreement provided that the District would pay Plaintiff CRAIN the amount of $8,800.00 in exchange for a release of any claims against Defendant JUDSON INDEPENDENT SCHOOL DISTRICT up to and including the date of the agreement. Notably, the Grievance Resolution Agreement specifically excepted from the release "any rights or claims that arise subsequent to the date this Agreement is executed, including any rights to enforce this Agreement and any disputes relating to his future employment or compensation."

**C.**    **JISD Discriminates and Retaliates Against Plaintiff Immediately After Resolution of Grievance for Adult & Community Education/Adventure Club Pay Reduction**

12.    Immediately after the Adult & Community Education/Adventure Club pay claim grievance was resolved in August 2014, Defendant JUDSON INDEPENDENT SCHOOL DISTRICT took adverse job actions against Plaintiff CRAIN by changing his work hours such that Plaintiff CRAIN's continued employment in the Adult & Community Education/Adventure Club after-care program was no longer possible, and requiring him to accept lower pay than other white female teachers.

13.    Since approximately August 2005, Plaintiff CRAIN's primary work hours at the Judson Achievement Center had been 6:00 a.m. to 2:00 p.m. In or about August 2008, Plaintiff CRAIN began working in the Adult & Community Education/Adventure Club after-school program, where his work hours were approximately 2:20 p.m. to 4:20 p.m. On August 12, 2014— one day after Plaintiff CRAIN's pay claim grievance finally was resolved—Defendant JUDSON INDEPENDENT SCHOOL DISTRICT instituted a pretextual policy change that purportedly required staff to be in place for the Adult & Community Education/Adventure Club no later than 2:30 p.m., staff to work the entire block from 2:30 p.m. to 6:30 p.m., and a reduction in the pay rate to $9.00 per hour (reduced from $20.00 per hour). Coincidentally, that same day on August 12, 2014, Plaintiff CRAIN's was asked if he intended to work after hours at the Adult & Community Education/Adventure Club and Evening High School by Principal Greg Mihleder and Joe Gonzalez. After Plaintiff CRAIN responded affirmatively that he did intend to work in those programs, Plaintiff Crain's primary work hours at the Judson Achievement Center were changed twice in one week: first to 7:15 a.m to 3:30 p.m., and then to 7:20 a.m. to 3:50 p.m., which made it impossible for Plaintiff CRAIN to report to the Adult & Community Education/Adventure Club at the required 2:30 p.m. check-in time. In contrast, female employees, who had job responsibilities

and duties that were substantially similar to Plaintiff CRAIN, were permitted to arrive at the Adult & Community Education/Adventure Club at 4:00 p.m. to begin work. When Plaintiff CRAIN reported for work at the Adult & Community Education/Adventure Club on August 25, 2014, he was told he was not permitted to work at the Adult & Community Education/Adventure Club if he checked-in after 2:30 p.m.

14.     Moreover, Defendant JUDSON INDEPENDENT SCHOOL DISTRICT retaliated against Plaintiff CRAIN when it denied him the opportunity to work at the Evening High School. Previously, Plaintiff CRAIN worked from approximately 4:30 p.m. to 8:30 p.m. at the Evening High School. In June 2014, Plaintiff had notified Principal Greg Mihleder of his intent to continue work at the Evening High School for the 2014-2015 term. But, at the same time Defendant JUDSON INDEPENDENT SCHOOL DISTRICT changed Plaintiff CRAIN's work hours, Principal Greg Mihleder and Elida Bera denied Plaintiff CRAIN the option to work the hours or the position he previously held for two years.

15.     Thus, Defendant JUDSON INDEPENDENT SCHOOL DISTRICT altered Plaintiff CRAIN's primary work hours; altered the Adult & Community Education/Adventure Club check-in hours requirement; required Adult & Community Education/Adventure Club staff to work the entire block from 2:30 p.m. to 6:30 p.m.; and permitted other Adult & Community Education/Adventure Club staff to work hours denied to Plaintiff CRAIN. Defendant JUDSON INDEPENDENT SCHOOL DISTRICT was aware of Plaintiff CRAINs full-time teaching schedule and deliberately created conflict between Plaintiff CRAIN's full-time teaching schedule and the Adult & Community Education/Adventure Club schedule, along with Evening High School, to force Plaintiff into termination of his Adult & Community Education/Adventure Club employment. Such deliberate action by Defendant JUDSON INDEPENDENT SCHOOL DISTRICT was taken in retaliation for Plaintiff CRAIN's opposition to unlawful employment

practices and participation in the grievance proceedings that were resolved in August 2014 through a negotiated settlement agreement and payment to Plaintiff CRAIN.

16.     In addition, as further evidence of discrimination on account of his race and gender and retaliation, a white female employee who had job responsibilities and duties that were substantially similar to Plaintiff CRAIN, was paid the $20.00 per hour rate after September 2014. Defendant JUDSON INDEPENDENT SCHOOL DISTRICT continued to pay a white female, continuing education instructor (Michelle Hogan) a professional pay rate of $20.00/hour for work in the same organization (the Adult & Community Education/Adventure Club), and under the same supervision (Joe Gonzales and Diana Hanz), while depriving the similarly situated Plaintiff CRAIN the same pay rate. Both Plaintiff CRAIN and Ms. Hogan performed similar instructional duties within the same establishment, during the same timeframe. Plaintiff CRAIN learned of the hourly pay disparity in September 2014.

17.     Defendant JUDSON INDEPENDENT SCHOOL DISTRICT attempted to change Plaintiff CRAIN's job title of "teacher/tutor" to "aid" to justify the hourly pay reduction. Defendant JUDSON INDEPENDENT SCHOOL DISTRICT never reduced the hourly pay of the similarly situated white female teacher over the same period of time. Defendant JUDSON INDEPENDENT SCHOOL DISTRICT claimed it wanted to reduce overtime employee pay as the reason for reducing the hourly pay by 55%. Yet, at the same site, Defendant JUDSON INDEPENDENT SCHOOL DISTRICT paid Norma Rivas (a cafeteria manager) overtime for the work Plaintiff CRAIN performed until Norma Rivas was released from her day job as cafeteria manager. Such reduction in hourly pay was retaliatory for participating in protected activity.

18.     Furthermore, Defendant JUDSON INDEPENDENT SCHOOL DISTRICT purposely misled the Texas Workforce Commission after Plaintiff CRAIN filed a claim with the

TWC that Plaintiff CRAIN had been fired immediately after completing the grievance process in August, 2014. Plaintiff CRAIN was terminated a week after the grievance was concluded.

**D.** **Plaintiff Exhausted Administrative Remedies Related to His Discrimination and Retaliation Claims for Adult & Community Education/Adventure Club Hours Change and Pay Reduction**

19.     On or about September 12, 2014, Plaintiff CRAIN filed a grievance with Defendant JUDSON INDEPENDENT SCHOOL DISTRICT regarding the change in his primary work hours and the Adult & Community Education/Adventure Club hours, and the resulting termination of Plaintiff CRAIN's employment with the Adult & Community Education/Adventure Club. A final Level III hearing on that grievance was held with the Board of Trustees on or about January 8, 2015. The Board of Trustees voted unanimously to deny the remedies requested by Plaintiff CRAIN. On or about January 27, 2015, Plaintiff CRAIN filed his original EEOC charge of discrimination concerning the change in hours.

**E.** **JISD Fails to Provide Plaintiff with Equal Salary Pay**

20.     Plaintiff CRAIN is an African-American male, who has 14 years teaching experience with Defendant JUDSON INDEPENDENT SCHOOL DISTRICT, and a total of 20 years teaching experience. Plaintiff CRAIN is also certified to teach and does teach Special Education high school student populations. Defendant JUDSON INDEPENDENT SCHOOL DISTRICT pays Plaintiff CRAIN a salary that is less than that of female teaching staff with less years of teaching experience with Defendant JUDSON INDEPENDENT SCHOOL DISTRICT (e.g., 5 years), and middle school student populations. In 2017, Plaintiff discovered the unlawful salary pay disparity amongst JISD Special Education Teachers, which appears to have existed since at least 2010 and which, upon information and belief, continues to the present.

21.     Plaintiff and the female teaching staff member are employed by Defendant JUDSON INDEPENDENT SCHOOL DISTRICT in positions that require equal work on jobs the

performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions. Plaintiff and the female teaching staff perform substantially equal work. If anything, Plaintiff CRAIN's work with high school Special Education student populations require a higher degree of skill, effort, and responsibility and should be compensated accordingly. Moreover, administrators of Defendant JUDSON INDEPENDENT SCHOOL DISTRICT have admitted to salary inequities for reasons other than a seniority system, a merit system, a system which measures earnings by quantity or quality of production, or a differential based on any other factor other than sex.

22.      Because of the intentional acts of Defendant JUDSON INDEPENDENT SCHOOL DISTRICT, Plaintiff CRAIN has suffered damages. Plaintiff CRAIN hereby seeks to recover his unpaid compensation in the past, statutory liquidated damages, front pay, attorneys' fees, and costs.

**F.      JISD Retaliates Against Plaintiff for Filing Federal Lawsuit and Grievance**

23.      Plaintiff CRAIN filed the instant lawsuit on August 22, 2016 [Dkt. 1]. On or about April 12, 2017, Plaintiff CRAIN filed a grievance with Defendant JUDSON INDEPENDENT SCHOOL DISTRICT complaining of a recent performance evaluation, unequal pay, and harassment by campus administrators. With respect to unequal pay, Plaintiff CRAIN complained of his level of pay, as compared to other female educators with less experience.

24.      On or about April 21, 2017, Plaintiff CRAIN applied for a position with the Extended School Year program for the Judson Achievement Center through Sandra Guevara, Aida Nava, Elida Bera, and Monica Rodriguez, administrators for Defendant JUDSON INDEPENDENT SCHOOL DISTRICT. During the Summers of 2014, 2015, and 2016, Plaintiff CRAIN was employed by Defendant JUDSON INDEPENDENT SCHOOL DISTRICT in the

Extended School Year program, in which Plaintiff CRAIN provided his services as a professional educator to students during the Summer months when normal school hours are suspended.

25.    Plaintiff CRAIN met all necessary qualifications for the position to which he applied, including having K-12 and Special Education certifications and having three prior years of stellar employment with the Extended School Year program. In fact, Plaintiff CRAIN was the only Judson Achievement Center program teacher who applied to serve Judson Achievement Center students in the Extended School Year program for the Summer of 2017. Extended School Year Coordinator Sandra Guevara and Human Resources Director Monica Rodriguez received Plaintiff's application, but refused to acknowledge the timely-filed application.

26.    Despite providing Defendant JUDSON INDEPENDENT SCHOOL DISTRICT with a completed application before the deadline (which was May 1, 2017) and without notice as to any deficiencies in his application as Coordinator Guevara noted, Defendant JUDSON INDEPENDENT SCHOOL DISTRICT failed to hire Plaintiff CRAIN for the Extended School Year program. Plaintiff was denied the Extended School Year position despite being the only application submitted on time and according to the application process.

27.    Even more, after rejecting Plaintiff's CRAIN's application, Defendant JUDSON INDEPENDENT SCHOOL DISTRICT continued to seek Extended School Year female educators (Tara Dalton) with similar qualifications as Plaintiff CRAIN. Defendant JUDSON INDEPENDENT SCHOOL DISTRICT was so short staffed to serve the Extended School Year students that it continued to recruit similarly qualified staff the first week of programming. Defendant JUDSON INDEPENDENT SCHOOL DISTRICT never provided Plaintiff CRAIN with a reason why he was denied the teaching position. Plaintiff was denied employment consideration immediately after participating in protected activity of filing a grievance complaining of bias in teacher pay scales.

28.     Defendant JUDSON INDEPENDENT SCHOOL DISTRICT further retaliated against Plaintiff CRAIN by creating and permitting a harassing work environment in retaliation for Plaintiff CRAIN's opposition to unlawful employment practices and participation in the grievance proceedings. In March 2017, Plaintiff CRAIN received a formal performance evaluation conducted by Defendant JUDSON INDEPENDENT SCHOOL DISTRICT administrators, which inaccurately reported Plaintiff CRAIN's performance in the classroom. In April and May 2017, Defendant JUDSON INDEPENDENT SCHOOL DISTRICT administrators made allegations against Plaintiff CRAIN concerning STAAR testing violations and engaged in investigations of such allegations in a manner that violated District policy. In August 2016, Defendant JUDSON INDEPENDENT SCHOOL DISTRICT subjected Plaintiff CRAIN to increased scrutiny and evaluations of Plaintiff CRAIN and his staff, and denied access to certain facilities. Further, in May 2017 and continuing through the present, Defendant JUDSON INDEPENDENT SCHOOL DISTRICT has failed and refused to comply with its obligations under the Texas Public Information Act to release documents and photographic and videographic materials related to the foregoing incidents of harassment in response to repeated requests for such materials by Plaintiff CRAIN. In August 2017, District Human Resource directors Aida Nava and Monica Rodriquez continued to retaliate and harass Plaintiff as Defendant JUDSON INDEPENDENT SCHOOL DISTRICT attempted to reassign Plaintiff CRAIN to a less desirable campus (Wagner HS) which already had an African American male staff with the same credentials serving as a special education teacher.

## VI. CAUSES OF ACTION

29.     Paragraphs ¶¶ 8 – 28 are incorporated herein as if set forth in full.

### A.  Equal Pay Act Discrimination

30.     Defendant JUDSON INDEPENDENT SCHOOL DISTRICT has violated the Equal Pay Act, 29 U.S.C. § 206(d), and discriminates against Plaintiff CRAIN by paying him a salary amount less than female teaching staff with less experience after September 2014; and by requiring him to accept an hourly rate that is less than that paid to female teaching staff at the Adult & Community Education/Adventure Club ($9.00/hour instead of $20.00/hour) for work after September 2014. In both situations, Plaintiff CRAIN and the female teaching staff member are employed in positions that require equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions. Defendant JUDSON INDEPENDENT SCHOOL DISTRICT cannot show the salary inequality and hourly pay inequality is for reasons other than a seniority system, a merit system, a system which measures earnings by quantity or quality of production, or a differential based on any other factor other than sex. Plaintiff CRAIN hereby sues for recovery of unpaid compensation in the past, statutory liquidated damages, front pay presently accruing, attorneys' fees, and costs pursuant to the Equal Pay Act.

### B.  Equal Pay Act Retaliation

31.     Defendant JUDSON INDEPENDENT SCHOOL DISTRICT has violated the Equal Pay Act, 29 U.S.C. § 215(a)(3), by retaliating against Plaintiff CRAIN in April and May 2017 when it denied Plaintiff CRAIN employment with the Extended School Year program (although it hired elementary teacher Tara Dalton). Defendant JUDSON INDEPENDENT SCHOOL DISTRICT committed such retaliatory actions because Plaintiff CRAIN filed and pursued a complaint and grievance on April 12, 2017 against Defendant JUDSON

INDEPENDENT SCHOOL DISTRICT complaining of unequal pay between Plaintiff CRAIN and female teaching staff who perform substantially equal work. Plaintiff CRAIN hereby sues for recovery of unpaid compensation in the past he would have earned in the Extended School Year program in Summer 2017, statutory liquidated damages, attorneys' fees, and costs pursuant to the Equal Pay Act.

### C.  Title VII Discrimination

32.     Defendant JUDSON INDEPENDENT SCHOOL DISTRICT has violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., by failing or refusing to hire or to discharge Plaintiff CRAIN with respect to his compensation, terms, conditions, or privileges of employment because of his race and sex.

33.     Plaintiff CRAIN is an African American male educator, who was qualified for the professional teaching position with the Adult & Community Education/Adventure Club. Plaintiff CRAIN was subject to an adverse employment action when Defendant JUDSON INDEPENDENT SCHOOL DISTRICT changed Plaintiff CRAIN's primary work hours and the Adult & Community Education/Adventure Club check-in and work hours to create a conflict which forced Plaintiff to terminate his Adult & Community Education/Adventure Club employment. While such deliberate action was taken by Defendant JUDSON INDEPENDENT SCHOOL DISTRICT in August 2014 against Plaintiff CRAIN, white and other female staff was permitted to work hours with the Adult & Community Education/Adventure Club that were denied to Plaintiff CRAIN. As a result of the Defendant's actions, Plaintiff was forced to terminate his employment with the Adult & Community Education/Adventure Club and suffered damages. Plaintiff CRAIN hereby sues for recovery of back pay; accruing front pay; compensatory damages for mental anguish, depression, anxiety, and loss of enjoyment of life; statutory damages for mental anguish, loss of enjoyment of life, and punitive damages; attorneys' fees, and costs.

34.     Further,     Defendant     JUDSON     INDEPENDENT     SCHOOL     DISTRICT
discriminates against Plaintiff CRAIN by requiring him to accept an hourly rate that is less than
that paid to female teaching staff at the Adult & Community Education/Adventure Club
($9.00/hour instead of $20.00/hour) for work after September 2014. While such deliberate action
was taken by Defendant JUDSON INDEPENDENT SCHOOL DISTRICT against Plaintiff
CRAIN, white and other female staff was paid at the higher rate of $20.00/hour which was denied
to Plaintiff CRAIN. As a result of Defendant's actions, Plaintiff suffered damages; any work that
Plaintiff CRAIN would have performed at the Adult & Community Education/Adventure Club
would have been at a lower rate. Plaintiff CRAIN hereby sues for recovery of unpaid compensation
in the past, statutory liquidated damages, front pay presently accruing, attorneys' fees, and costs
pursuant to Title VII.

### D.  Title VII and Equal Pay Act Retaliation

35.     Defendant JUDSON INDEPENDENT SCHOOL DISTRICT has violated Title VII
of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and Equal Pay Act, 29 U.S.C.
§ 215(a)(3), by retaliating against Plaintiff CRAIN. Plaintiff CRAIN was engaged in protected
activity when he filed and pursued a complaint and grievance against Defendant JUDSON
INDEPENDENT SCHOOL DISTRICT, in which he complained of discriminatory pay due to his
race and sex. Defendant JUDSON INDEPENDENT SCHOOL DISTRICT subjected Plaintiff
CRAIN to an adverse employment action when it changed his primary work hours and the Adult
& Community Education/Adventure Club check-in and work hours to create a conflict which
forced Plaintiff to terminate his Adult & Community Education/Adventure Club employment.
Such deliberate action was taken by Defendant JUDSON INDEPENDENT SCHOOL DISTRICT
in August 2014 in retaliation for Plaintiff CRAIN's participation in the grievance process that was
resolved in by settlement agreement fully executed on August 11, 2014 through a negotiated

settlement agreement and payment to Plaintiff CRAIN. Plaintiff CRAIN hereby sues for recovery of back pay; accruing front pay; compensatory damages for mental anguish, depression, anxiety, and loss of enjoyment of life; statutory damages for mental anguish, loss of enjoyment of life, and punitive damages; attorneys' fees, and costs, pursuant to Title VII and the Equal Pay Act.

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that Defendant, JUDSON INDEPENDENT SCHOOL DISTRICT be cited to appear and answer, and that upon trial of this cause, Plaintiff have relief as follows:

a) The Court award Plaintiff his pecuniary losses, back pay, front pay, lost benefits, lost insurance, attorneys' fees, and statutory and/or liquidated damages for Defendant's willful violation pursuant to Title VII of the Civil Rights Act of 1964 and the Equal Pay Act;

b) The Court award Plaintiff attorneys' fees and court costs;

c) The Court award Plaintiff pre-judgment and post-judgment interest as allowed by law.

d) Plaintiff prays for such other and further relief to which Plaintiff is entitled.

Respectfully submitted,

LANG LAW FIRM, PC
10500 Heritage Blvd., Suite 200
San Antonio, Texas 78216
Telephone: (210) 479-8899
Telecopier: (210) 479-0099

By: ___/S/. MEAGAN M. GILLETTE_____
SYLVAN S. LANG, JR.
State Bar No. 11898700
Email: sylvan@langfirm.com
MEAGAN M. GILLETTE
State Bar No. 24050659
Email: meagan@langfirm.com

ATTORNEYS FOR ALTON CRAIN

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing *Plaintiff's Third Amended Complaint* has been served on the following counsel of record on this the 22nd day of April, 2018 via the Court's CM/ECF system:

Donald Craig Wood
Email: cwood@wabsa.com
Katie E. Payne
Email: kpayne@wabsa.com
WALSH, GALLEGOS, TREVINO RUSSO & KYLE, P.C.
1020 N.E. Loop 410, Suite 450
San Antonio, Texas 78209

_____/S/ MEAGAN M. GILLETTE_____
SYLVAN S. LANG, JR.
MEAGAN M. GILLETTE